IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSE
AT NASHVILLE

| | |
|---|---|
| JEREMY M. CONNELLY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE #:<br><br>JURY DEMAND |

## COMPLAINT

Comes now the Plaintiff, Jeremy M. Connelly, for his causes of action against the United States of America, Defendant, and respectfully states to the Court as follows:

1. This is an action for personal injuries sustained by the Plaintiff Jeremy M. Connelly as a result of a motor vehicle crash that occurred on April 29, 2021, in Sumner County, Tennessee.

2. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1346(b)(1).

4. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1402(b).

5. On August 3, 2021, Plaintiff submitted a written claim for injury to the United States Postal Service.

6. On or about February 1, 2023, the United States Postal Service issued a denial of Plaintiff's claim for injury.

7. All conditions precedent and prerequisites to filing suit as prescribed by 28 U.S.C. § 2675 have been satisfied.

8. This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of receipt of the certified letter sent by the federal agency denying the claim.

9. At all relevant times, the Plaintiff Jeremy M. Connelly was a citizen and resident of Nashville, Davidson County, Tennessee.

10. At all relevant times, non-party Tyler Dwayne Adcock was employed by the United States Postal Service, an agency or branch of the United States government.

11. At all relevant times, non-party Tyler Dwayne Adcock and was acting in the course and scope of his employment with the United States Postal Service.

12. On April 29, 2021, Plaintiff Jeremy M. Connelly was lawfully traveling in his motor vehicle east on Highway 25 in Sumner County, Tennessee, when non-party Tyler Dwayne Adcock, driving west on Highway 25 in a Ford motor vehicle bearing Tennessee license plate DBS044, crossed the center of the roadway and entered into Plaintiff's lane of travel colliding with Plaintiff's vehicle head-on.

13. At the time of the crash, non-party Tyler Dwayne Adcock was utilizing his personal automobile in the performance of his official duties as an employee of the United States Postal Service, and with the knowledge and consent of the United States Postal Service.

14. As a result of the crash, the Plaintiff Jeremy M. Connelly suffered serious and painful personal injuries which required medical treatment.

15. The Plaintiff Jeremy M. Connelly is not at fault for causing the collision.

16. Non-party Tyler Dwayne Adcock is 100% at fault for the collision.

17. Non-party Tyler Dwayne Adcock was under a duty to exercise due care in the

operation of his motor vehicle upon the public highways of Tennessee in order to protect against unreasonable risks of harm to others, including Plaintiff.

18. Non-party Tyler Dwayne Adcock breached his duty and was guilty of violating the following common law Rules of the Road which constitutes negligence, in that he:

   a. Failed to yield the right of way;

   b. Failed to exercise due care;

   c. Failed to maintain the vehicle under proper and reasonable control;

   d. Failed to maintain a proper lookout under the existing circumstances;

   e. Failed to drive in a reasonable and prudent manner with regard for the control of the vehicle and the traffic conditions on the roadway;

   f. Failed to see that which was there to be seen and take proper action with respect thereto; and

   g. Drove recklessly and carelessly.

19. Non-party Tyler Dwayne Adcock was negligent in violating the following statutes which were in full force and effect at the time and place of the crash, and which were enacted for the safety and protection of persons utilizing the public roadways in the State of Tennessee including Plaintiff, and constituting negligence *per se*, in that he:

   a. Failed to exercise due care in violation of T.C.A. § 55-8-136;

   b. Failed to drive on the right half of the roadway in violation of T.C.A. § 55-8-115;

   c. Drove to the left side of the center of the roadway in violation of T.C.A. § 55-8-119;

   d. Drove to the left side of the center of the roadway in violation of T.C.A. §55-8-120;

and

    e. Drove his vehicle in willful or wanton disregard for the safety of others in violation of T.C.A. §55-10-205.

20. At all relevant times, non-party Tyler Dwayne Adcock was an employee, agent, representative and/or servant of the United States Postal Service and was working within the course and scope of his employment or agency (real, apparent, or ostensible) for the United States Postal Service.

21. Under the doctrine of *respondeat superior*, the United States Postal Service is vicariously liable for the acts and omissions of non-party Tyler Dwayne Adcock.

22. Defendant was under a duty to exercise due care in the hiring, retention, training, and supervision of its employees.

23. Upon information and belief, the Defendant knew, or should have known that non-party Tyler Dwayne Adcock was unfit for his employment.

24. Defendant breached its duty, and proximately and in fact caused Plaintiff's injuries by one or more of the following acts of negligence:

    (A) Negligently hiring non-party Tyler Dwayne Adcock;

    (B) Negligently retaining non-party Tyler Dwayne Adcock;

    (C) Failing to adequate train non-party Tyler Dwayne Adcock;

    (D) Failing to adequately supervise non-party Tyler Dwayne Adcock.

25. As a direct and proximate result of the negligence of the Defendant the Plaintiff Jeremy M. Connelly, has suffered the following damages:

    a. Physical injuries;

    b. Past medical expenses, to treat his injuries;

    c. Pain and suffering, past and future;

    d. Mental anguish, past and future;

    e. Future medical expenses, to treat his injuries;

    f. Lost Wages;

    g. Loss of enjoyment of life, past and future;

    h. Property damage; and

    i. Permanent injury.

26. The Defendant's negligence and/or recklessness is the cause in fact and proximate cause of Plaintiff's injuries, losses and damages.

27. Defendant the United States of America has been properly served with process.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:**

1. That service of process issue and be served upon the Defendant requiring it to appear and answer within the time required by law.

2. A judgment against the Defendant holding it liable for damages in a reasonable amount determined by the trier of fact in this cause sufficient to adequately compensate Plaintiff Jeremy M. Connelly for his harms and losses.

3. For the costs of this matter to be taxed to the Defendant.

4. For such other, further, and general relief to which Plaintiff may be entitled from this Court, including court costs, discretionary costs, and post-judgment interest.

5. For a jury of twelve to try this cause.

Respectfully submitted,

**ROCKY McELHANEY LAW FIRM, PC**


*/s/ Justin Hight*
**JUSTIN HIGHT, #32167**
**ROCKY McELHANEY, #20205**
**475 Saundersville Road**
**Hendersonville, Tennessee 37075**
**Phone: (615) 932-8600**
**Fax:     (615) 425-2501**
**Email: justin@rockylawfirm.com**
*Attorneys for Plaintiff*